E-FILED
Wednesday, 03 October, 2018  03:50:15 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

ANDREW MINIK, JOEL VALDEZ, and
BLAIR NELSON,

          Plaintiffs,

vs.

Case No.  2:18-cv-02101-CSB-EIL

(1) BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS, including
RAMON CEPEDA, DONALD J. EDWARDS,
PATRICK J. FITZGERALD, STUART C.
KING, TIMOTHY KORITZ, EDWARD L.
MCMILLAN, JAMES D. MONTGOMERY,
SR., JILL B. SMART, TRAYSHAWN M.W.
MITCHELL, KARINA REYES, EDWIN
ROBLES, and GOVERNOR BRUCE
RAUNER, (2) TIMOTHY KILLEEN, President
of the University of Illinois, in his official
capacity, (3) ROBERT J. JONES, Vice-
President of the University of Illinois and
Chancellor for the University of Illinois
Urbana-Champaign campus, (4) RONY DIE,
Assistant Dean of Students of the University of
Illinois at Urbana-Champaign, in his official
capacity; (5) TARIQ KHAN, Graduate
Instructor in his official and individual capacity,

          Defendants.

**MEMORANDUM OF LAW SUPPORTING
UNIVERSITY DEFENDANTS' MOTION TO DISMISS
MINIK'S AND VALDEZ'S CLAIMS FOR PROSPECTIVE
RELIEF DUE TO MOOTNESS AND LACK OF STANDING**

Defendants Board of Trustees of the University of Illinois, including Ramon Cepeda,

Donald J. Edwards, Patrick J. Fitzgerald, Stuart C. King, Timothy Koritz, Edward L. McMillan,

James D. Montgomery, Sr., Jill B. Smart, Trayshawn M.W. Mitchell, Karina Reyes, Edwin

Robles, and Governor Bruce Rauner, Timothy Killeen, President of the University of Illinois,

Robert J. Jones, Vice President of the University of Illinois and Chancellor for the University of

Illinois Urbana-Champaign, and Rony Die, Assistant Dean of Students (collectively "University Defendants"), by their attorneys, Hinshaw & Culbertson LLP, urge dismissal of the claims for prospective relief brought by Plaintiffs Andrew Minik ("Minik") and Joel Valdez ("Valdez") on the grounds of mootness and lack of standing.

## INTRODUCTION

Minik and Valdez are not enrolled students at the University of Illinois at Urbana-Champaign (the "University") at this time, are not registered as students for the University's Fall 2018 academic term, and are not eligible to register for classes at the University for reasons unrelated to this litigation.  Accordingly, they face no real or imminent threat of future injury from the University Defendants for any infractions of the Student Code or for violating any No Contact Directive.  Because their claims for prospective relief cannot be addressed by this Court, those claims are moot; they lack standing on those claims; and the Court does not have subject matter jurisdiction on those claims, compelling dismissal of those claims.

## FACTUAL BACKGROUND

Only those facts necessary for consideration of this Motion are presented herein.

On November 16, 2017, while enrolled as a student at the University, Valdez, accompanied by Plaintiff Blair Nelson,[1] had an altercation with Co-Defendant Tariq Khan ("Khan").  Compl., ¶¶ 27, 30, 32, 48, 65.  The altercation emanated from the differing political viewpoints of Plaintiffs and Khan.  Compl., ¶¶ 14, 15, 19, 21, 28.

Two days later, Minik published an article regarding the altercation and a video portraying it on the website of Campus Reform, an organization that reports on liberal "bias and abuse" on college compasses.  Compl., ¶¶ 15, 34.  According to Khan, after Minik published his

---

[1]      This Motion is not directed at Nelson.

article, Khan received multiple electronic communications, which he interpreted as threatening. Khan's Counterclaims (Doc. #13, ¶32).

As a result of these events, Defendant Rony Die, the University's Assistant Dean of Students, issued a No Contact Directive, directing Minik and Valdez "to have NO CONTACT with Tariq Khan."  Compl., ¶¶36, 37.  Breach of the No Contact Directive could result in discipline under the University's *Student Code*.  See University Exhibit 1 attached to the University Defendants' Memorandum of Law in Support of their earlier motion to dismiss (Doc. #10).

Valdez was disciplined under the *Student Code* after he urged another person to "beat [Khan's] ass ASAP."  Compl., ¶¶54, 56.  Valdez was issued a University Censure and directed to write an essay.  Valdez, however, did not write the essay, resulting in "a disciplinary hold" being placed on his account.  Compl., ¶¶57, 58, 59, 82.  (The disciplinary hold is not a basis for this Motion.)

Minik and Valdez contend that the University Defendants have violated their First and Fourteenth Amendment rights and ask this Court, *inter alia,* for declaratory and injunctive relief prohibiting enforcement of the *Student Code* against them.  Among the many problems with the Complaint, however, is that neither Minik nor Valdez are current students at the University and are not eligible to register as students at the University.  *See* Declaration of Meghan Hazen, attached to the Motion.

Not only was there a disciplinary hold placed on Valdez, but he also is under a financial hold with the University and an immunization hold, both of which prevent him from registering for courses until satisfactory arrangements have been made to address the indebtedness and the immunizations.  The financial hold was placed on Valdez on February 6, 2018,  and the

302328722v1 1008237

immunization hold was placed on September 17, 2017.  Those holds are unrelated to the disciplinary hold or any of the events or allegations in the Complaint.

On the other hand, Minik was dismissed from the University at the end of the Spring 2018 academic term.  He had previously been dismissed for academic reasons, but, after his appeal of that prior dismissal, Minik was allowed to register but only under academic probation. Having failed to satisfy the terms of that probation, Minik's status as a student at the University ended upon conclusion of the Spring 2018 term.

### STANDARD OF REVIEW

Standing is a jurisdictional issue.  *Moore v. Watson,* 838 F.Supp.2d 735, 761 (N.D. Ill. 2012).  "Mootness is understood… as the doctrine of standing set in a time frame."  *VWM Student Assn v. Lovell*, 888 F.3d 854, 860 (7th Cir. 2018) (internal quotation marks and citation omitted).  "[I]f at any point the plaintiff would not have standing to bring suit at that time, the case has become moot."  *Milwaukee Police Ass'n v. Board of Fire & Police Commr's,* 708 F.3d 921, 929 (7th Cir. 2013).

Standing is a jurisdictional requirement of which Plaintiffs bear the burden.  *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443 (7th Cir. 2009).  In a factual challenge to subject matter jurisdiction, unlike a facial challenge, the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction.  *Id.* at 444.  In such cases, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  *Ibid.* (internal quotation marks and citation omitted).  There is no presumptive truthfulness to Plaintiffs' allegations, and the existence of disputed material facts does not preclude the court from evaluating the jurisdictional issues.  *Ibid.*

302328722v1 1008237

## ARGUMENT

MINIK'S AND VALDEZ'S CLAIMS FOR PROSPECTIVE RELIEF ARE MOOT IN THAT, AS NON-STUDENTS, THERE IS NO REAL AND IMMEDIATE HARM THAT IS REDRESSABLE BY THE COURT.

Federal courts are restricted by Article III of the Constitution to the resolution of cases and controversies.  That restriction requires that the party who invokes federal jurisdiction have standing.  *Davis v. FEC,* 554 U.S. 724, 732 (2008).  "To qualify for Article III standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling.  *Ibid.,* citing *Injan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).  Article III demands that "an actual controversy… be extant at all stages of review, not merely at the time the complaint is filed."  *Campbell-Ewald Co. v. Gomez,* 136 S.Ct. 663, 669 (2016) (internal citation omitted).  "If an intervening circumstance deprives a plaintiff of a personal stake in the outcome of the lawsuit at any point during litigation, the action can no longer proceed and must be dismissed."  *Ibid.* (internal quotation marks and citation omitted).  When it is impossible for the court to grant effectual relief, the case is moot.

The standing of Minik and Valdez to seek damages for alleged past wrongs does not grant them standing for prospective relief.  "[A] plaintiff must demonstrate standing for each claim he seeks to press" and "for each form of relief" that is sought.  *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 352 (2006).

Where a student plaintiff seeks prospective relief against a school attended by the student, the case becomes moot and the plaintiff's standing is destroyed when that student no longer attends the school.  *Lovell,* 888 F.3d at 862 (a student who graduated is no longer subject to University rules); *Moore,* 838 F.Supp.2d at 761 (graduation moots a student's claim for prospective relief from the college).

5

This reasoning is not limited to the graduation of a plaintiff-student.  In *Campbell v. Lamar Inst. of Technology,* 842 F.3d 375 (5th Cir. 2016), the plaintiff there claimed a violation of federal law when the university he was attending failed to grant his requested disability accommodation.  In addition to damages, the plaintiff sought declaratory and injunctive relief pertaining to accommodations in the future.  During the litigation, the plaintiff withdrew from the school for reasons unrelated to the case.  The court held that the plaintiff lacked standing:

> [Plaintiff's] alleged prospective injury is entirely speculative, hypothetical, and lacks imminence, as [plaintiff] withdrew from [the college]….  The likelihood of [the college's] denying [plaintiff] reasonable disability accommodations in the future is therefore too remote to state a cognizable injury in fact…. Because injunctive or declaratory relief against [the college] would not benefit [plaintiff], a non-student, any possibility of future injury is not redressable by the court and he lacks standing to assert a claim for equitable relief.

*Id.* at 382.

Minik and Valdez are no longer students at the University.  Hence, they no longer face any threat of injury under the University rules or Student Code.  Their departure from the University for reasons unrelated to this litigation renders the University powerless to affect their rights.[2]  The claims of Minik and Valdez for prospective relief are moot, depriving them of standing and depriving this Court of jurisdiction.

---

[2]    In *Esfeller v. O'Keefe,* 391 Fed. Appx. 337 (5th Cir. 2010), the Court held that a disciplinary sanction on the plaintiff's student record meant that the case was not rendered moot because of the student's departure.  That is not the case here.  The academic records and transcripts of Minik and Valdez show no indication of discipline.

302328722v1 1008237

## <u>CONCLUSION</u>

For the reasons stated herein, the University Defendants pray that the Court dismiss the claims of Minik and Valdez for prospective relief.

Respectfully submitted,

/s/Charles R. Schmadeke
Charles R. Schmadeke (#2489813)
Hinshaw & Culbertson LLP
400 South Ninth Street, Suite 200
Springfield, IL 62701
Telephone:  217-528-7375
Facsimile:  217-528-0075
Email: cschmadeke@hinshawlaw.com

*Attorneys for University Defendants*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3, 2018, I electronically filed the foregoing MEMORANDUM OF LAW SUPPORTING UNIVERSITY DEFENDANTS' MOTION TO DISMISS MINIK'S AND VALDEZ'S CLAIMS FOR PROSPECTIVE RELIEF DUE TO MOOTNESS AND LACK OF STANDING with the Clerk of Court using the CM/ECF system and served upon counsel of record:

Whitman H. Brisky          Email:  wbrisky@mauckbaker.com

Ellyn J Bullock               Email:  ellyn@solbergbullock.com

/s/Charles R. Schmadeke
Charles R. Schmadeke (#2489813)
Hinshaw & Culbertson LLP
400 South Ninth Street, Suite 200
Springfield, IL 62701
Telephone:  217-528-7375
Facsimile:  217-528-0075
Email: cschmadeke@hinshawlaw.com

8