E-FILED
Wednesday, 31 October, 2018  03:39:43 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **ANDREW MINIK, JOEL VALDEZ,** and **BLAIR NELSON,** | |
| Plaintiffs, | **Case No. 2:18-cv-02101-CSB-EIL** |
| v. | **JURY TRIAL DEMANDED** |
| **BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,** *et. al.*, | |
| Defendants. | |
| **TARIQ KHAN,** | |
| Counterclaimant, | |
| v. | **JURY TRIAL DEMANDED** |
| **ANDREW MINIK, JOEL VALDEZ** and **BLAIR NELSON,** | |
| Counter-Defendants. | |

**PLAINTIFFS' RESPONSE TO THE UNIVERSITY DEFENDANTS' MOTION TO
DISMISS DUE TO MOOTNESS AND LACK OF STANDING**

Plaintiffs, Andrew Minik, Joel Valdez, and Blair Nelson, by and through counsel, respond to
the University Defendants' supplemental motion to dismiss and state as follows:

1.    On October 3, 2018, the University Defendants filed a new motion seeking to dismiss
Minik and Valdez on the basis of mootness and lack of standing.

2.    This new motion seeks dismissal of Plaintiffs Minik and Valdez from the case because
they are not currently enrolled in classes. The motion does not seek to dismiss Nelson who is
enrolled in classes.

3.    The Plaintiffs' arguments do not support a valid basis to dismiss under the circumstances.

4.    While it is true that Minik was dismissed from the University for failing to keep up his grade point average, Minik has enrolled in community college in order to raise his grade point average and to eventually seek readmission[1] to complete his education at the University. **Exhibit A**.

5.    As the motion to dismiss and its supporting declaration make clear, Minik is only ineligible to register for classes "under the present conditions."

6.    Plaintiff Valdez is currently ineligible to register for classes as a result of a "financial hold" and an "immunization hold."  These "holds," however, are only temporary and easily remedied. Valdez, like Minik, intends to resolve these issues shortly and resume his education at the University. **Exhibit B**.

7.    As with Minik, Valdez is only ineligible to register "under the present conditions."

8.    Moreover, a basis for Plaintiffs' standing is found directly in the Student Code. The University asserts that "[s]ince they are not students at the University, they currently are not subject to the University's *Student Code* . . . ." But this is not the case.

9.    The Student Code subjects to student discipline all individuals:

"(1) taking courses at the University;

(2) who cancel, withdraw, or graduate after committing behavior which may violate the code;

(3) who are not officially enrolled for a particular terms but have a continuing relationship with the University;

---

[1] The University's readmission procedures are found at
http://www.conflictresolution.illinois.edu/policies/readmission/

(4) [omitted]

This definition includes but is not limited to individuals between academic terms and persons who consent to participating in the student discipline process." § 1-301(c).

10.   Moreover, subsection (f) states that the "University reserves the right to withhold authority to register to any student or *former student* because of previous misconduct that may substantially affect the interests of the University or to assign appropriate disciplinary status to the student of *former student*.  § 1-301(f). (emphasis added).

11.   Even more, the Student Code also provides that "[c]ancellation or withdrawal from the University does not abrogate the authority of the institution to pursue disciplinary action." § 1-311(d).

12.   Likewise, § 3-312(a)(3) also states that "[c]ancellation or withdrawal from the University does not abrogate the authority of the institution to pursue disciplinary action."

13.   The Student Code, therefore, does not apply only to those students who are currently enrolled but rather to various individuals who for various reasons are in between academic terms, who continue to have a relationship with the University, and even to those who are were subject to "cancellation" of "withdrawal." Plaintiffs Minik and Valdez are therefore still subject to the Student Code.

14.   In fact, the University has already commenced disciplinary action against the Plaintiffs resulting in the issuance no-contact orders.  These orders have never been rescinded and are still in effect against each of the Plaintiffs.

15.   Because Plaintiffs Minik and Valdez are only ineligible to register for classes due to temporary holds which Plaintiffs intend to remedy, and because the Student Code, by its own

3

terms, still applies to the Plaintiffs, and because the no-contact orders are still in effect against each of the Plaintiffs, all of the Plaintiffs have standing and this matter is not moot.

WHEREFORE, Plaintiffs respectfully request that this Court deny the Defendants' motion to dismiss including its most recent supplement to the same.

Dated: October 30, 2018.

> s/Whitman H. Brisky
> Whitman H. Brisky (#0297151)
> Sorin A. Leahu (#6315515)
> **MAUCK & BAKER, LLC**
> One North LaSalle Street, Suite 600
> Chicago, Illinois 60602
> Telephone: (312) 726-1243
> Facsimile: (866) 619-8661
> wbrisky@mauckbaker.com
> sleahu@mauckbaker.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 31, 2018, I electronically filed the **PLAINTIFFS' RESPONSE TO THE UNIVERSITY DEFENDANTS' MOTION TO DISMISS DUE TO MOOTNESS AND LACK OF STANDING** with the Clerk of Court using the CM/ECF system and served upon counsel of record:

Charles R. Schmadeke        Email: cschmadeke@hinshawlaw.com

Ellyn J. Bullock        Email: Ellyn@solbergbullock.com

/s/ Whitman H. Brisky
Whitman H. Brisky (#0297151)
Sorin A. Leahu (#6315515)
Mauck & Baker, LLC
1 North LaSalle Street, Suite 600
Chicago, IL  60602
Phone: (312) 726-1243 (Main)
Fax:     (866) 619-8661
wbrisky@mauckbaker.com
sleahu@mauckbaker.com

5