IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ANDREW MINIK, JOEL VALDEZ, and BLAIR NELSON,<br><br>        Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, *et. al.*,<br><br>Defendants. | Case No. 2:18-cv-02101-CSB-EIL<br><br>**JURY TRIAL DEMANDED** |
| TARIQ KHAN,<br><br>        Counterclaimant,<br><br>v.<br><br>ANDREW MINIK, JOEL VALDEZ and BLAIR NELSON,<br><br>        Counter-Defendants. | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' REPLY TO THE UNIVERSITY DEFENDANTS' MOTION TO DISMISS
DUE TO MOOTNESS AND LACK OF STANDING**

Plaintiffs, ANDREW MINIK and JOEL VALDEZ, by and through their counsel, Mauck & Baker, LLC, and pursuant to the Court's January 23, 2019, Text Order, hereby provide the following reply to the University Defendants' motion to dismiss due to mootness and lack of standing:

1. On October 3, 2018, the University Defendants filed a motion to dismiss Minik's and Valdez's claims for prospective relief due to mootness and lack of standing. [Doc. 29].

2. On October 31, 2018, Plaintiffs Minik and Valdez filed their response. [Doc. 32].

3. On January 23, 2019, the Court entered a Text Order directing both parties to file supplemental briefs to address three issues: (1) Minik and Valdez's enrollment statuses and intentions regarding the University of Illinois at Urbana-Champaign ("University"); (2) "the issue of standing as to whether Plaintiffs Minik and Valdez are still subject to the Student Code pursuant to whatever relationship with the University they currently have;" and (3) "whether the no-contact orders are still in effect or have any practical effect on the actions of Minik and Valdez at this time."

**<u>Minik and Valdez's enrollment statuses and intentions regarding the University</u>**

4. Plaintiff Andrew Minik was dismissed from the University for failing to keep up his grade point average. Minik Decl. ¶ 1, attached hereto as Exhibit A.

5. Since his dismissal, Plaintiff Minik has made plans to enroll at the College of DuPage to raise his grade point average before seeking readmission to the University. Minik Decl. ¶ 2, Ex. A.

6. Plaintiff Minik is currently working with University staff to construct a plan for his readmission. Minik Decl. ¶ 3, Ex. A.

7. Once he has sufficiently raised his grade point average, Plaintiff Minik fully intends to seek readmission to the University. Minik Decl. ¶ 4, Ex. A.

8. Plaintiff Joel Valdez is currently ineligible to register for classes as a result of a disciplinary hold, a financial hold, and an immunization hold. Valdez Decl. ¶ 1, attached hereto as Exhibit B.

9. The disciplinary hold is the primary obstacle to Plaintiff Valdez's reenrollment at the University. Should that hold be lifted, Plaintiff Valdez would take action to resolve the remaining holds preventing his reenrollment. Valdez Decl. ¶ 2, Ex. B.

10. Plaintiff Valdez is currently working to raise the necessary funds to resolve the financial hold against him. Valdez Decl. ¶ 3, Ex. B.

11. Plaintiff Valdez fully intends to continue his education at the University. Valdez Decl. ¶ 4, Ex. B.

### Minik and Valdez have standing, because the Student Code is still in effect for students who are not currently active

12. As addressed in Plaintiffs' response to the University Defendants' motion to dismiss, Plaintiffs' respective statuses and the text of the Student Code itself both support the fact that the Student Code still applies to them. [Doc. 34, ¶¶ 4–13]. Those arguments will not be repeated here.

13. The disciplinary hold against Plaintiff Valdez is further evidence that the Student Code is still in effect for students who are not currently active.

14. The University Defendants argue in their motion to dismiss that Valdez ceased being a student in December 2017. [Doc. 29, ¶ 7].

15. The University Defendants also argue that "since [Minik and Valdez] are not students at the University, they . . . are not subject to the University's Student Code. [Doc. 29, ¶ 9].

16. However, on January 30, 2018, pursuant to the Student Code, Assistant Dean Rony Die met with Valdez to discuss a potential disciplinary issue. [Doc. 10, pg. 6].

17. Then, on February 26, 2018, Assistant Dean Rony Die found Valdez in violation of the Student Code and issued a University Censure against him, resulting in a disciplinary hold. [Doc. 10, pg. 6].

18. According to the University Defendants, Plaintiff was no longer a student in 2018. Yet, despite Plaintiff's status as a non-active student, Assistant Dean Rony Die applied the Student Code to Plaintiff Valdez on January 30, 2018, and enforced the Student Code against

him on February 26, 2018.

19. The events of January 30, 2018, and February 26, 2018, are indisputable evidence that the Student Code is still in effect for students who are not currently active.

20. Accordingly, Minik and Valdez have standing to pursue prospective relief against the University.

### The no-contact orders are still in effect and will continue to impact Minik and Valdez upon their respective returns to the University

21. In his communications regarding the no-contact orders against Minik and Valdez, Assistant Dean Rony Die stated that the orders would be in place "until further notice." Minik Decl. ¶ 5, Ex. A; Valdez Decl. ¶ 5, Ex. B.

22. Neither Minik nor Valdez have ever been informed, either orally or in writing, that the no-contact orders against them have been rescinded. Minik Decl. ¶ 6, Ex. A; Valdez Decl. ¶ 6, Ex. B.

23. Absent any clear communication that the no-contact orders are no longer in effect, it is the understanding of both Minik and Valdez that the orders remain in effect now and will continue to remain in effect upon their respective returns to the University. Minik Decl. ¶ 7, Ex. A; Valdez Decl. ¶ 7, Ex. B.

24. Accordingly, the no-contact orders remain in effect against Minik and Valdez.

25. Both Minik and Valdez intend to return to the University as students. Minik Decl. ¶ 4, Ex. A; Valdez Decl. ¶ 4, Ex. B.

26. When Minik and Valdez return to the University, the no-contact orders will continue to negatively impact them as students on campus.

### Keep Chicago Livable v. City of Chicago is distinguishable from the instant case

27. In Keep Chicago Livable v. City of Chicago, plaintiffs challenged an ordinance

impacting the ability of Chicago residents and visitors to engage in home-sharing activities. Nos. 17-1656 & 17-2846, 2019 WL 178566 at *1 (7th Cir. Jan. 14, 2019).

28. In Keep Chicago Livable, the Court could not conclude with confidence that any of the named plaintiffs had standing at the time of the appeal. 2019 WL 178566 at *3.

29. The Court's determination was based upon a number of different circumstances: some of the named plaintiffs no longer resided in Chicago and had demonstrated no intention to return, and other plaintiffs had abandoned their home-sharing activities and had demonstrated no intention to resume them. Id.

30. The Keep Chicago Livable case is distinguishable from this matter for several reasons.

31. First, Minik and Valdez fully intend to return to the University. They are unlike the named plaintiffs in Keep Chicago Livable, who expressed no intention of returning to Chicago.

32. Second, Minik and Valdez are still being impacted by the Student Code, because the code continues to apply to non-active students. They are unlike the named plaintiffs in Keep Chicago Livable, who were no longer being impacted by an ordinance that only applies to Chicago residents and visitors.

33. Third, Minik and Valdez are still under the no-contact orders as non-active students, whereas the named plaintiffs in Keep Chicago Livable could escape the effects of the ordinance by leaving Chicago.

34. Finally, Valdez is still under a disciplinary hold as the result of a University Censure that was issued against him while he was a non-active student, whereas the named plaintiffs in Keep Chicago Livable could escape the effects of the ordinance by leaving Chicago.

35. Accordingly, the Keep Chicago Livable case is distinguishable from the instant

matter and should not guide the Court in determining the issue of standing in this case.

WHEREFORE, Plaintiffs Andrew Minik and Joel Valdez respectfully request this Honorable Court deny the University Defendants' motion to dismiss due to mootness and lack of standing and for any other relief as this Court deems just.

s/Whitman H. Brisky_____
Whitman H. Brisky (#0297151)
Sorin A. Leahu (#6315515)
Terry S. Lu (#6313383)
**MAUCK & BAKER, LLC**
One North LaSalle Street, Suite 600
Chicago, Illinois 60602
Telephone: (312) 726-1243
Facsimile: (866) 619-8661
wbrisky@mauckbaker.com
sleahu@mauckbaker.com
tlu@mauckbaker.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 6, 2019, I electronically filed the **Plaintiffs' Reply to the University Defendants' Motion to Dismiss Due to Mootness and Lack of Standing** with the Clerk of Court using the CM/ECF system, which was also served upon all counsel of record:

| | |
|---|---|
| Charles R. Schmadeke | Email: cschmadeke@hinshawlaw.com |
| Ellyn J. Bullock | Email: Ellyn@solbergbullock.com |

/s/ Whitman H. Brisky
Whitman H. Brisky (#0297151)
Sorin A. Leahu (#6315515)
Terry S. Lu (#6313383)
Mauck & Baker, LLC
1 North LaSalle Street, Suite 600
Chicago, IL  60602
Phone: (312) 726-1243 (Main)
Fax:    (866) 619-8661
wbrisky@mauckbaker.com
sleahu@mauckbaker.com
tlu@mauckbaker.com