IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ANDREW MINIK, JOEL VALDEZ, and BLAIR NELSON, <br><br> Plaintiffs, <br><br> vs. <br><br> (1) BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, including RAMON CEPEDA, DONALD J. EDWARDS, PATRICK J. FITZGERALD, STUART C. KING, TIMOTHY KORITZ, EDWARD L. MCMILLAN, JAMES D. MONTGOMERY, SR., JILL B. SMART, TRAYSHAWN M.W. MITCHELL, KARINA REYES, EDWIN ROBLES, and GOVERNOR BRUCE RAUNER, (2) TIMOTHY KILLEEN, President of the University of Illinois, in his official capacity, (3) ROBERT J. JONES, Vice-President of the University of Illinois and Chancellor for the University of Illinois Urbana-Champaign campus, (4) RONY DIE, Assistant Dean of Students of the University of Illinois at Urbana-Champaign, in his official capacity; (5) TARIQ KHAN, Graduate Instructor in his official and individual capacity, <br><br> Defendants. | Case No.  2:18-cv-02101-CSB-EIL |

**UNIVERSITY DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW
SUPPORTING THEIR MOTION TO DISMISS MINIK'S AND VALDEZ'S CLAIMS
FOR PROSPECTIVE RELIEF DUE TO MOOTNESS AND LACK OF STANDING**

Defendants Board of Trustees of the University of Illinois, including Ramon Cepeda,

Donald J. Edwards, Patrick J. Fitzgerald, Stuart C. King, Timothy Koritz, Edward L. McMillan,

James D. Montgomery, Sr., Jill B. Smart, Trayshawn M.W. Mitchell, Karina Reyes, Edwin

Robles, and Governor J.B. Pritzker[1], Timothy Killeen, President of the University of Illinois, Robert J. Jones, Vice President of the University of Illinois and Chancellor for the University of Illinois Urbana-Champaign, and Rony Die, Assistant Dean of Students (collectively "University Defendants"), by their attorneys, Hinshaw & Culbertson LLP, supplement their brief on mootness and standing as directed by the Court on January 23, 2019.

## INTRODUCTION

On October 3, 2018, the University Defendants submitted their Motion to Dismiss Minik's and Valdez' Claims for Prospective Relief Due to Mootness and Lack of Standing (Doc. 29), together with a memorandum of law (Doc. 30). That motion raised matters distinct from those presented in their Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) (Doc. 9) and supporting brief (Doc. 10). The original Motion (Doc. 9) remains pending at this time.

On January 23, 2019, the Court directed the parties to supplement their standing arguments with regard to the status of Minik and Valdez as to the University and whether the no-contact directives "are still in effect or have any practical effect on the actions of Minik and Valdez at this time." Minik and Valdez were not registered students at the University for its Fall 2018 academic term, are not registered students for the University's Spring 2019 academic term, and remain ineligible to register for classes at the University for reasons unrelated to this litigation. *See* Supplemental Declaration of Meghan Hazen, attached hereto as Exhibit A.

No sanctions could be imposed against Minik and Valdez under the present conditions as non-registered, former students for conduct that may constitute a violation of the Student Code if they were students. If they engaged in such conduct, under the present circumstances, they

---

[1] The University Defendants suggest that Bruce Rauner is no longer the Governor of Illinois and that, effective January 14, 2019, J.B. Pritzker holds that Office. Fed.R.Civ.P. 25(d). The Illinois Governor is an *ex officio* member of the Board of Trustees. 110 ILCS 310/1.

cannot suffer an actual or imminent injury under the Student Code. Any result under changed circumstances would be conjectural and hypothetical.

Minik and Valdez have no standing to seek prospective relief against the University Defendants; in that they are not registered students those claims are moot, compelling their dismissal.

### MINIK AND VALDEZ ARE NOT REGISTERED STUDENTS AND ARE NOT ELIGIBLE TO REGISTER UNDER PRESENT CONDITIONS

The status of Minik and Valdez with respect to the University has not changed since the October 3, 2018, Motion. They were not registered students in the University's Fall 2018 academic term, are not registered students in the University's Spring 2019 academic term, and are not eligible to register for the Spring 2019 academic term or any subsequent term under present conditions.

Minik has been dismissed from the University twice for academic reasons. After the first dismissal, he appealed and was allowed to register under the condition of probation. *See* original Declaration of Meghan Hazen. He failed to satisfy those conditions and was dismissed upon the conclusion of the Spring 2018 term. *See* Hazen Supplemental Declaration. There may be circumstances where Minik's academic college would consider his readmission to the University, but whether Minik can meet any requirements to return to good academic standing, and whether any potential, future request for readmission would be granted is conjectural and speculative.

Similarly, Valdez is not registered and remains ineligible to register due to both financial and immunization holds, placed February 6, 2018, and September 7, 2017 respectively. Both holds remain in place. See Hazen Supplemental Declaration. Whether Valdez takes action to lift

the holds and whether any potential, future request for readmission would be granted is conjectural and speculative.

### MINIK AND VALDEZ HAVE NO ACTUAL AND IMMINENT INJURY UNDER THE STUDENT CODE OR THE STUDENT DISCIPLINARY PROCEDURES

If a violation of the Student Code is found under the University's Student Disciplinary Procedures, formal sanction options available to the University include (1) a University "reprimand" of a student (a reprimand indicates the student's behavior is inappropriate; a reprimand is maintained in a student's disciplinary file for one year but does not appear in the academic record); (2) a "censure" (a censure, indicating inappropriate student behavior, remains in the disciplinary file until graduation but does not appear in the academic record); (3) a suspension of the student for a definite period of time; or (4) dismissal of the student (a dismissal terminates the student's relationship with the University but allows a petition for readmission after a specified period). Student Disciplinary Procedures, §2.04.[2]

None of these sections have been imposed on Minik or Valdez for violation of a no-contact directive issued to them while enrolled students at the University. Further, as non-currently enrolled, former students, none of these sanctions could be imposed against Minik or Valdez under the present circumstances.

### THE UNIVERSITY HAS NO PRESENT AUTHORITY OVER MINIK OR VALDEZ IF ONE OF THEM OR BOTH CONTACT KHAN

The no contact directives in this case were not disciplinary measures. Rather, they were designed to be preventative of future disruptions and confrontations on the campus.

---

[2] The University Defendants have previously submitted the Student Code and the Student Disciplinary Procedures in the record. *See* Exhibit 1 to Memo of Law in Support of Motion to Dismiss (Doc. 10) and Exhibit 2 to the same document.

Since the filing of their action, the University has revised the Student Disciplinary Procedures to clarify the existing use of "no contact directives." Section 4.06 thereof, a copy of which is attached as Exhibit B, authorizes University disciplinary officers to direct "an individual subject to student discipline, as described in §1-301 of the Student Code, to have no contact with one or more other persons." As set forth in Section 4.06, University disciplinary officers are "among those responsible for the enforcement of student behavioral standards and, when possible, the prevention of violations of the Student Code. *Id.*

When Minik and Valdez were registered students at the University, a violation of a no contact directive exposed them to discipline for failing to comply with the reasonable directions of a University official. (*See* §4.06(c) of the Student Disciplinary Procedures.)) Hypothetically, if either Minik or Valdez currently engaged in conduct as non-registered, former students that would be deemed a violation of the no contact directive if they were enrolled students and that conduct was reported to the University, the University would not consider the conduct or proceed with any disciplinary proceedings under the present circumstances. The conduct may be considered by the University only if Minik or Valdez gain readmission to the University and all of the events necessary therefore came into fruition. We are not confronted with any of those conditions at this time. Any injury would be entirely speculative.

**MINIK AND VALDEZ LACK STANDING TO SEEK PROSPECTIVE RELIEF UNDER *KEEP CHICAGO LIVABLE V. CITY OF CHICAGO* AND EARLIER CASES**

In its January 23 Order, the Court directed the parties to consider *Keep Chicago Livable v. City of Chicago*, ____F.3d____, 2019, U.S. App. LEXIS 1139, 2019 WL 178556 (7th Cir. 2019). In that case, the Court held that individual plaintiffs lacked standing to challenge Chicago's shared housing ordinance because under the circumstances then in force, the ordinance would not affect them because they sold their house, they were no longer engaged in

5

shared housing activities, or they moved away from Chicago. 209 U.S. App. LEXIS 1139 at *809.

> Standing requires a threefold demonstration of (1) an injury in fact; (2) fairly traceable to the defendant's action; and (3) capable of being redressed by a favorable decision from the court. (Internal quotation marks and citation omitted.) The alleged injury must be not just "concrete and particularized," but also "actual and imminent, no conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. [555] at 560; *see also Spokeo, Inc., v. Robins*, 136 S.Ct. 1540, 1547-48, 194 L.Ed 2d 635 (2016).
>
> The necessity of demonstrating and maintaining standing does not subside as litigation proceeds. To the contrary, standing must be present at all stages of the litigation . . . .(Internal quotation marks and citation omitted.) …[T]he asserted injury in fact (and thus the requirements of concreteness, particularity, actuality, and imminence) must remain through the litigation, lest a case or controversy cease to exist and become moot. (Citations omitted.) The burden of making this showing –of demonstrating the requisite injury to invoke federal jurisdiction—rests with the plaintiff.

*Keep Chicago Livable*, 2019 U.S.App. LEXIS 1139 at *6-7; *see also* cases cited in the University Defendants' earlier memorandum on mootness and standing. (Doc. 30).

In the matter *sub judici,* neither Minik nor Valdez is confronted with an actual and imminent injury by application of the Student Code and the Student Disciplinary Procedures. Whether - if and when - they will be subject to disciplinary charges is purely "conjectural" and "hypothetical." No disciplinary sanctions could be imposed against Minik and Valdez under the present conditions – as neither Minik nor Valdez are currently enrolled students – and Minik and Valdez could not face potential, hypothetical disciplinary charges unless and until they were to become eligible to seek readmission and actually gain readmission to the University.

Minik and Valdez have no actual and imminent injury that this Court can redress through prospective relief. Consequently, those claims are moot, and Minik and Valdez lack standing to pursue them.

303188071v3 1008237

## CONCLUSION

For the reasons set forth herein and those previously presented by the University Defendants, the claims must be dismissed.

Respectfully submitted,

/s/Charles R. Schmadeke
Charles R. Schmadeke (#2489813)
Hinshaw & Culbertson LLP
400 South Ninth Street, Suite 200
Springfield, IL 62701
Telephone:  217-528-7375
Facsimile:  217-528-0075
Email: cschmadeke@hinshawlaw.com

*Attorneys for University Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on February 6, 2019, I electronically filed the foregoing UNIVERSITY DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW SUPPORTING THEIR MOTION TO DISMISS MINIK'S AND VALDEZ'S CLAIMS FOR PROSPECTIVE RELIEF DUE TO MOOTNESS AND LACK OF STANDING with the Clerk of Court using the CM/ECF system and served upon counsel of record:

Whitman H. Brisky                  Email:  wbrisky@mauckbaker.com

Ellyn J Bullock                      Email:  ellyn@solbergbullock.com

                                              /s/Charles R. Schmadeke
                                              Charles R. Schmadeke (#2489813
                                              Hinshaw & Culbertson LLP
                                              400 South Ninth Street, Suite 200
                                              Springfield, IL 62701
                                              Telephone:  217-528-7375
                                              Facsimile:  217-528-0075
                                              Email: cschmadeke@hinshawlaw.com