E-FILED
Sunday, 24 March, 2019 01:21:51 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

**ANDREW MINIK, JOEL VALDEZ and BLAIR NELSON,**

**Plaintiffs,**

**v.**

**BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, and TARIQ KHAN,**

**Defendants.**

**Case No. 18-2101**

**JURY TRIAL DEMANDED**

---

**TARIQ KHAN,**

**Counterclaimant,**

**v.**

**ANDREW MINIK, JOEL VALDEZ and BLAIR NELSON,**

**Counter-Defendants,**

**JURY TRIAL DEMANDED**

**PLAINTIFFS' MOTION TO COMPEL PLAINTIFFS/COUNTER-DEFENDANTS ANDREW MINIK, JOEL VALDEZ and BLAIR NELSON TO GIVE COMPLETE ANSWERS TO INTERROGATORIES AND COMPLETE RESPONSES TO REQUESTS TO PRODUCE AND FOR SANCTIONS WITH INCORPORATED MEMORANDUM OF LAW**

NOW COMES Defendant/Counterclaimant TARIQ KHAN ("Khan"), through his attorney, Ellyn J. Bullock of Solberg & Bullock, and under Federal Rules of Civil Procedure 26, 33, 34 and 37 moves to compel Plaintiffs/Counter-Defendants ANDREW MINIK ("Minik"), JOEL VALDEZ ("Valdez") and BLAIR NELSON ("Nelson") to give complete Answers to

Interrogatories and complete Responses to Requests to Produce and for sanctions including attorneys fees. In support of this Motion, Defendants and Counterclaimant state as follows:

(1) Attorneys and parties:

| | |
|---|---|
| Plaintiffs/Counter-Defendants-<br>Minik, Valdez and Nelson | Attorney Whitman Brisky<br>Mauck & Baker, LLC |
| Defendants-<br>University of Illinois Defendants | Attorney Charles Schmadeke<br>Hinshaw & Culbertson |
| Defendant/Counter-Plaintiff-<br>Khan | Attorney Ellyn Bullock<br>Solberg & Bullock, LLC |

(2) On July 19, 2018, Khan produced his Initial Disclosures to all parties. [Docket 19] Khan's Initial Disclosures included but are not limited to R00001–21, R00033–43, R00109–10 & R00126 attached as Exhibit F.

(3) On September 14, 2018, Khan propounded Interrogatories and Requests to Produce upon Minik, Valdez and Nelson. [Docket 24] Copies of Interrogatories attached as Exhibit A and copies of Requests to Produce attached as Exhibit B.

(4) Minik, Valdez and Nelson requested an extension of time through November 15, 2018 to respond. Khan agreed to the extension through November 15, 2018. A copy of email communication between attorney Bullock and attorney Brisky attached as Exhibit C.

(5) On November 29, 2018, attorney Bullock wrote to attorney Brisky, copying attorney Schmadeke, noting the late response and requesting immediate responses stating "I am seeking to compel your client's discovery responses which are overdue. Please provide me with full and complete Answers to Interrogatories and Requests to Produce Propounded upon ANDREW MINIK, JOEL VALDEZ and BLAIR NELSON immediately and no later than end of

day Friday, November 30 or I will file a Motion to Compel with the U.S. District Court where the matter is pending. Please consider this my good faith conference with you to obtain discovery long overdue required under Federal Rule of Civil Procedure 37(a)(1)." A copy of email communication between attorney Bullock and attorney Brisky attached as Exhibit C.

(6)     Later on November 29, 2018, attorney Brisky responded and requested an additional extension through December 14 and attorney Bullock agreed to the extension. A copy of email communication between attorney Bullock and attorney Brisky attached as Exhibit C.

(7)     On approximately December 14, Minik, Valdez and Nelson sent partial responses to the pending Interrogatories and Requests to Produce. Copies of Answers to Interrogatories attached as Exhibit A and Copies of Responses to Requests to Produce attached as Exhibit B.

(8)     On February 11, 2019, after review of the discovery provided by Minik, Valdez and Nelson, attorney Bullock wrote a letter to attorney Brisky, copying attorney Schmadeke requesting certain Bates numbered documents that appeared missing from the production of discovery. A copy of February 19, 2019 letter from Bullock to Brisky requesting Missing Bates numbered documents attached as Exhibit D.

(9)     On March 7, 2019 attorney Brisky wrote a letter to Bullock regarding the missing Bates numbered documents without copying attorney Schmadeke and refusing to provide most of the missing documents based on the inadequate objection of relevance and providing only a few of the missing documents. A copy of March 7, 2019 letter from Brisky to Bullock attached as Exhibit E.

(10)    Affidavit of Attorney Ellyn J. Bullock attached as Exhibit G.

Relevant Documents Appear to Be Missing and Withheld and
They Appear to Involve Names of Persons Identified in
Khan's Initial Disclosures and Also in His Counterclaim

Due to the haphazard and/or willful noncompliance beginning October 14, 2018 and continuing through the filing of this Motion, Khan is missing documents related to communication between Minik, Valdez and Nelson and various persons who threatened Khan. At least some of these documents are Bates-stamped but still withheld. (Exhibits A–G) These withheld documents are discoverable because they are relevant to Khan's claims or defenses and they are not privileged. Under Rule 26(b), the scope of discovery is that "Parties may obtain discovery regarding any non-privileged matter that.is relevant to any party's claim or defense . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

In his original Interrogatories and Requests to Produce, Khan requested of each of the three Plaintiffs/Counter-Defendants copies of all communication between each of the three and "any of the following persons under the following names or if known to you by other names or aliases: Lucian B. Wintrich, David Horowitz, Jim Hoft, Kyle Kashuv, Chuck Neely, Alan Stuart, Ben Ostrow, Katherine Williamson, Anthony Bennett, Muhammed Kishta, Adam Weinstein, Joe Walsh, Leo Autry, Justin Boone, Joseph DeSoto, Brian Dolinar, Michael Gluck, Glynch, Goodgoy, Keith Joseph Graff, Reid Haberman, Brett Holmes, Ben Joselyn, Paul Kearney, Matthew Kremer, **Gavin McInnes**, Jeff Putney, Jocelyne Robledo, Josue Santana, Suri Sayan, Mike Williamson, Samuel Yates or Muhammad Yousef." (Exhibit B at Request to Produce No. 10) (emphasis added) All of these named persons are either alleged in the Counterclaim to have threatened Khan [Docket 13] or are witnesses identified in Khan's Initial Disclosures. (Exhibit F)

These names are at the root of Minik's, Valdez's and Nelson's flaunting of the Federal Rules and refusal to comply with valid and relevant discovery requests of Khan. All three of the Plaintiffs/Counter-Defendants answered Request to Produce No. 10 irrelevantly and in violation of the Federal Rules of Civil Procedure as follows: "Plaintiff objects to this request as irrelevant since none of these people are alleged to have anything to do with this case. This interrogatory appears to be merely intended to use 'guilt by association' with figures generally viewed as politically conservative and not politically correct." (Exhibit B at Response to Request to Produce No. 10) Attorney Bullock found this Response to be obfuscating and improper and not to contain any proper objection

After receiving this unresponsive and legally insufficient Response, Khan and his attorney reviewed the discovery documents that Minik, Valdez and Nelson had provided and noticed that there were large Bates-stamp gaps which were puzzling and seemed to strongly indicate withheld or missing documents from the production. Attorney Bullock then wrote to attorney Brisky specifically addressing the missing Bates-stamped documents stating "I am confused by the Bates Numbering. It appears that many Bates-numbered documents are missing. Please advise or explain your Bates Numbering system. Please explain in writing whether documents are missing from the discovery I received." (Exhibit D)

In response to Attorney Bullock's letter specifically requesting by Bates-stamp documents previously requested by Interrogatory and Requests to Produce, attorney for Plaintiffs/Counter-Defendants wrote a March 7, 2019 letter which is wholly improper and nonresponsive and in violation of the Federal Rules of Civil Procedure. The entire letter is attached as Exhibit E. The wholly improper refusals to produce missing documents includes but is not limited to the following statements: "Bates numbers 1007-1039 are correspondence between Blair Nelson and Gavin

McInnes to which we have objected on the basis of relevance. These communications are irrelevant to any claim or defense and have been withheld pursuant to this objection." (Exhibit E)

Thus, as of March 7, 2019, Plaintiffs/Counter-Defendants are improperly withholding from Khan documents requested by him in discovery on September 14, 2018 and further demanded by Bates-stamp number on February 11, 2019. Plaintiffs/Counter-Defendants cannot repeatedly flaunt Khan's discovery requests based only on the bald assertion that the missing documents "go well beyond what you asked for and what is relevant to the lawsuit." (Exhibit E) This is not a proper objection, sufficient basis for withholding documents, nor is it factually accurate as to the Pleadings.

The Missing Documents Appear to Involve Individuals Who Are Alleged to Have Threatened Khan or Are Witnesses Disclosed in Khan's Initial Disclosures

In Interrogatories, Khan requested communication between Minik, Valdez and Nelson and a list of named individuals. (Exhibit B at Request to Produce 10) Each of the three Plaintiffs improperly responded to Request to Produce 10 as follows: **"Plaintiff objects to this request as irrelevant since none of these people are alleged to have anything to do with this case. This interrogatory appears to be merely intended to use 'guilt by association' with figures generally viewed as politically conservative and not politically correct."** (Exhibit B at Response to Request to Produce No. 10) (emphasis added). This wholly improper response can be broken down into three parts—or three excuses—and each of the three excuses is utterly deficient under the Federal Rules of Civil Procedure.

First, there is no privilege or legal irrelevance attached to the phrase "politically conservative and not politically correct." Who really cares (certainly not the Court in its supervision of discovery) whether a person who is named in the allegations of a lawsuit is

politically conservative and not politically correct? There is no Federal privilege to withhold documents because the communicator was—or was not—"politically conservative and not politically correct." Rule 26(b), Rule 34 and Rule 37 are all violated by this grossly irrelevant assertion as to politics.

Second, there is no privilege or legal irrelevance attached to the phrase "guilt by association." Khan's Counterclaims are for intentional infliction of emotional distress and hate crimes. The nature and contents of threats made against him and communicated about between Counter-Defendants and named individuals may certainly involve "association" but so what? There is no Federal privilege to withhold documents because the communicators may be associated with one another as by necessity communicators always are.

Third, and most seriously, it is dead and flat wrong to assert that none of the people are alleged to have anything to do with this case. Each of the requested names appears in Khan's Counterclaim or is related to the allegations of the Counterclaim through materials produced by Khan in his Initial Disclosures. .

Khan's Counterclaim [Docket 13] names individuals as follows:

33. Following November 16, 2017, Minik [possibly also **Anthony Bennett**] published a threat to @Tariq Khan that included the words "Get him out of here . . . Beat the shit out of him . . . I'll pay the legal fees."

37. On or about November 17, 2017, Khan received a threat from an unknown person named **Keith Joseph Greff** stating: "u wanna make the battle between ideologies a physical thing and attach people for their thoughts and views thats fine but make sure you deal with the consequences you scumbag. im 3 hours from you maybe ill come to campus this weekend and we

can duke it out with fists and learn the hard way that u cant just muscle people into thinking a certain way. Stay frosty mother fucker."

38. On or about November 17, 2017, Khan received a death threat from an unknown person named **Chuck Neely** stating: "Expelled? No. We need to deal with this as white men in a white nation. This garbage dares to assault us? We physically remove him from the plane of existence. He has zero right to exist in our nation, he is made to leave one way or another."

40. On November 18, 2017, Khan received a threatening email from an unknown person at email address leary_4@usa.com [**a/k/a Paul Kearney**] with subject "Ewwww tuff guy" and text "U have got to be the biggest pussy I have ever seen. I hope u don't have kids cause u will be beaten severely one day and no kid should see his dad like that not even u. Alla u snack bar ya fuckin idiot"

41. On November 18, 2017, Khan received a threatening email from an unknown person at email address mjgluck@comcast.net with subject "Handsomely Done" and text "Saw you made the news today. Your parents must be proud."

44. On November 20, 2017, Khan received a threatening email from an unknown person at email address **goodgoy**666@outlook.com with Subject "Important!" and text "Hi There! Just wanted to let you know I just watched the hilarious video of you making a fool of yourself by whining about President Trump and then assaulting students like a little bitch (it's all over the internet and social media). Watching you scream non-stop like a little girl was truly a sight to see. Your wife must be super embarrassed of you and has probably already started an affair with a real man behind your back. And you just embarrassed your kids and made them ashamed of you for the rest of their lives ;) Your "legacy" is now a video of you screaming and throwing a tantrum while assaulting a student, stealing his phone, and then destroying it. You are the laughing stock

of the university and now everyone knows what a completely mentally unstable pussy you are. Enjoy finishing your Phd in shame and teaching class while everyone laughs in your face and behind your back ☺ Karma's a bitch isn't it? Love, **Muhammad**"

45. On November 20, 2017, Khan received a threatening email from an unknown person at email address **samuelyates**87@gmail.com with Subject " Hahah" and text "Yo just a quick one to say you're a massive fucking pussy and you should kill yourself you sad cunt.

46. On November 20, 2017, Khan received a threatening email from an unknown person at email address 1mattehew765@gmail.com with Subject "Video" and text "Saw the video. Understand why you are against free speech. So easily triggered. What an embarrassment to academia you are. **Matt Kremer**"

47. On November 20, 2017, Khan received an email from an unknown person at email address **Desoto.joseph**@gmail.com with Subject "Little man" and text "You are so screwed little man. You bees a tuff guy on da video. Grow up. Seek guidance from your Imam and good luck with your career at McDonalds."

48. On November 20, 2017, Khan received a threatening email from an unknown person at email address glynch9999@gmail.com with Subject "Watch yourself, boy" and text "You make a lot of threats . . ."

50. On November 21, 2017, Khan received a threatening email from an unknown person at email address msmadmike@gmail.com [a/k/a **Mike Williamson**] with Subject "Pity . . ." and text "That they didn't beat the living shit out of you. And after all that bleating and tantrumming . . . Trump is still president. And the only concentration camps in US history were run by liberals."

51. On November 21, 2017, Valdez's friend made an on-line threat to "beat his [Khan's] ass for you bro." and Valdez replied threateningly to Khan with a heart icon and the words "Do it ASAP" This threat was publicly posted where many other persons affiliated with white supremacists and hate groups such as the Proud Boys could see it and further foment hate against Khan.

52. On November 21, 2017, **Josue Santana** shared Charlie Kirk's Turning Point USA video of Khan at the November 16, 2017 Rally and **Josue Santana** told Valdez "I'll beat his ass for you bro." with an angry with fists up emoji.

In addition, Khan's Initial Disclosures identify these named individuals as witnesses or alternatively as threatening individuals as follows: Lucian B. Wintrich (R00005–20) , David Horowitz (R00019), Jim Hoft (R00004), Kyle Kashuv (R00005), Chuck Neely, Alan Stuart (R00009), Ben Ostrow (R00011), Katherine Williamson (R00011), Anthony Bennett (R00011), Muhammed Kishta, Adam Weinstein, Joe Walsh (R00018), Leo Autry (R00001), Justin Boone (R00126), Joseph DeSoto, Brian Dolinar (R00096), Michael Gluck, Glynch, Goodgoy, Keith Joseph Graff, Reid Haberman (R00014), Brett Holmes (R00034), Ben Joselyn (R00113–14), Paul Kearney, Matthew Kremer, **Gavin McInnes** (R00003), Jeff Putney (R00110), Jocelyne Robledo (R00113–14), Josue Santana, Suri Sayan, Mike Williamson, Samuel Yates or Muhammad Yousef (R00101 & R00113)." Khan's Initial Disclosures attached as Exhibit F.

Gavin McInnes and His Hate Group Proud Boys is
Especially Telling as to the Relevance of Documents

Attorney Brisky's response to Bullock's letter requesting the missing documents by Bates-stamp number was alarming and completely unsatisfactory. The best example involves Brisky's response relating to Gavin McInnes, who is alleged in the Counterclaim to be the founder of the

hate group Proud Boys as follows: "Proud Boys is designated a Hate Group by the Southern Poverty Law Center. It was founded in 2016 by Gavin McInnes. Gavin McInnes hosts an online show "Get Off My Lawn" which traffics in a number of racist and/or hateful and/or false and/or pro-violence theories. (Counterclaim at Par. 7) "On November 15, 2017, Nelson and Valdez appeared as guests on "Get Off My Lawn" which is Proud Boys' Founder's Gavin McInnes's, internet show. Nelson and Valdez published hateful and defamatory and threatening information about Khan on McInnes's Show." (Counterclaim at Par. 12)

Although communication between Nelson and Gavin McInnes is clearly relevant, on March 7, 2019, months after the communications with Gavin McInnes were due to be produced, Brisky writes "Bates numbers 1007-1039 are correspondence between Blair Nelson and Gavin McInnes to which we have objected on the basis of relevance. These communications are irrelevant to any claim or defense in this case and have been withheld pursuant to this objection." (Exhibit E)  Likewise, "Bates number 1257-1292 are correspondence between Joel Valdez and Gavin McInnes to which we have objected on the basis of relevance. These communications are irrelevant to any claim or defense in this case and have been withheld pursuant to this objection." (Exhibit E)

The relevance of Gavin McInnes's communication with Nelson and Valdez is undisputable and therefore withholding these documents is the epitome of sanctionable conduct under Rule 37. There is no substantial justification for Brisky and his clients to have withheld the communication between them and Gavin McInnes, the founder of the Proud Boys. As alleged in the Counterclaim, Valdez and Nelson appeared with McInnes on his internet tv show and promoted hate against Khan. Further, many of the threats against Khan alleged in the Counterclaim were posted in response to Valdez's and Nelson's appearance on Gavin McInnes's show.

Failure to Produce Requested Documents Violates
Federal Rules of Civil Procedure 26(b) and 33(a)(2) and 34(a)

Minik, Valdez and Nelson are wrongly withholding requested documents from Khan. They claim that they are refusing to produce the documents because they say they "have objected on the basis of relevance" but their objections are wholly insufficient. Federal Rule 26(b) defines the scope of federal discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. Rule Civ. P. 26(b)(1).

Nothing that Khan has requested has been shown by Minik, Valdez and Nelson to be undiscoverable under Rule 26(b)(1). (*See* Exhibits A and B) Federal Rule of Civil Procedure 26 states as to discovery scope and limits that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R.Civ. P. 26(b)(1). "For the purposes of discovery, relevancy will be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615 (S.D. Ind. 2002). Relevance in discovery "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 430, 351 (1978). "Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the

merits.*"* *Id*. "Requests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Kodish v. Oakbrook Terrace Fire Protection District*, 235 F.R.D. 447, 450 (N.D. Ill. 2006).

All of Khan's Interrogatories and Requests to Produce are well taken. Minik, Valdez and Nelson have not raised any legally adequate reason why they should not be required to respond under the Federal Rules. (*See* Exhibits A and B) "The burden rests upon the objecting party to show why a particular discovery request is improper." *McGrath v. Everest Nat. Ins. Co*., 625 F.Supp.2d 660, 670 (N.D. Ind. 2008). Minik, Valdez and Nelson have not shown why Khan's discovery requests are improper. Individual Counter-Defendants such as Minik, Valdez and Nelson must show "with specificity that [Khan's] requests are improper" and they have not done so. *Graham v. Casey's General Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002).

The Court Should Compel Production and Assess
Attorneys Fees Against Minik, Valdez and Nelson

Khan is filing this Motion to Compel under Federal Rules 26, 33, 34 and 37. A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete Responses. Fed. R. Civ. P. 37(a)(2)–(3); *Kodish*, 235 F.R.D. at 450. "A motion to compel discovery is granted or denied at the discretion of the trial court. In ruling on motions to compel discovery, courts have consistently adopted a liberal interpretation of the discovery rules." *Kodish,* 235 F.R.D. at 450.

Here, the Plaintiffs/Counter-Defendants' Responses to Requests to Produce including their refusal to produce Bates-stamped documents they have been specifically asked to produce (Exhibits D & E) is evasive and improper. The burden is on the objecting parties (Minik, Valdez and Nelson) to "show why a particular discovery request is improper." *Yessenow v. Hudson,* 270

F.R.D. 422, 427 (N.D. Ind. 2010). "The objecting party must show with specificity that the request is improper." *Id*. They have not met that burden but have instead only objected for reasons of "relevance," "political correctness," and "guilt by association." None of these is a proper or specific objection.

Minik's, Valdez's and Nelson's Response to Request to Produce No. 10 followed by their withholding of Bates-stamped documents requested by Khan is utterly noncompliant. (Exhibits B, C, D & E) Rule 37(d) provides that if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response" the Court "may, on motion order sanctions." Fed. R. Civ. P. 37(d)(1)(A)(ii). Mr. Brisky's March 7, 2019 letter with its bald assertions as to relevance constitute noncompliance in discovery.

Attorneys fees and costs for Khan's attorney, Ellyn J. Bullock, are an appropriate sanction for the flagrant noncompliance in discovery in this case. "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed — **the court must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A)(a)(5) (emphasis added). "The great operative principle behind Rule 37(a)(5) is that the loser pays." Charles Alan Wright & Arthur R. Miller, 8 Federal Practice and Procedure Section 2288 at 787 (1970). Rule 37 "presumptively requires every loser to make good the victor's costs." *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786 (7th Cir. 1994).

WHEREFORE, for the foregoing reasons, Plaintiff requests that the Court compel production and assess attorneys fees and costs against Plaintiffs/Counter-Defendants Minik, Valdez and Nelson and their attorney:

Respectfully submitted:

TARIQ KHAN, Defendant/Counterclaimant,

By: Solberg & Bullock, LLC

    s/Ellyn J. Bullock
Ellyn J. Bullock, No. 6224579
Solberg & Bullock
100 N. Chestnut Street, Suite 230
Champaign, IL 61820
Telephone: (217) 351-6156
Facsimile: (217) 351-6203
Email: ellyn@solbergbullock.com

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that on March 24, 2019, I caused a copy of the foregoing *Plaintiff's Motion to Compel Plaintiffs/Counter-Defendants Andrew Minik, Joel Valdez and Blair Nelson to Give Complete Answers to Interrogatories and Complete Responses to Requests to Produce and for Sanctions with Incorporated Memorandum of Law* to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Whitman H. Brisky Email: wbrisky@mauckbaker.com

Ellyn J. Bullock Email: ellyn@solbergbullock.com

Sorin A. Leahu Email: sleahu@mauckbaker.com

Terry S. Lu Email: tlu@mauckbaker.com

Charles R. Schmadeke Email: cschmadeke@hinshawlaw.com

s/Ellyn J. Bullock

Ellyn J. Bullock, No. 6224579
Solberg & Bullock
100 N. Chestnut Street, Suite 230
Champaign, IL 61820
Telephone: (217) 351-6156
Facsimile: (217) 351-6203
Email: ellyn@solbergbullock.com