IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **BLAIR NELSON,**<br><br>Plaintiff,<br><br>v.<br><br>**BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,** *et. al.*,<br><br>Defendants. | **Case No. 2:18-cv-02101-CSB-EIL**<br><br>**JURY TRIAL DEMANDED** |
| **TARIQ KHAN,**<br><br>Counter-claimant,<br><br>v.<br><br>**ANDREW MINIK, JOEL VALDEZ** and **BLAIR NELSON**,<br><br>Counter-Defendants. | **JURY TRIAL DEMANDED** |

**MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION
OR, IN THE ALTERNATIVE, RECONSIDERATION BY
JOEL VALDEZ**

In addition to federal civil rights claims against various officers of the University of Illinois, all of which have now been dismissed pursuant to settlement, Plaintiff/Counter-Defendant Joel Valdez ("Valdez") also made a claim against

Defendant Tariq Khan ("Khan") for the destruction of his phone in the November 16, 2017 incident which began the series of events upon which the Complaint was based (Dkt# 1).  Khan answered this claim on June 19, 2018 (Dkt# 13) and never moved to dismiss the same.  On June 11, 2018, the Defendant University officers ("University Defendants") moved to dismiss the federal civil rights claims and to limit the potential relief to prospective relief only (Dkt# 9).  Subsequently, on October 3, 2018, the University Defendants further moved to dismiss Plaintiffs Andrew Minik and Joel Valdez as Plaintiffs in the federal claims based upon their having ceased to be students at the University therefore rendering them without standing to bring claims for prospective relief against the University Defendants (Dkt#29).  These motions did not address the state law claims of Valdez against Khan and were brought by attorneys who did not represent Khan.  None of the basis for dismissal of the civil rights claims and/or the limitation of relief were applicable to Valdez' state law. Although Khan expressly joined in the University Defendant's motion to dismiss the federal claims (Dkt#9) in his Answer and Counterclaim (Dkt#13), he did not do so with respect to Valdez' state law claim against him.

On February 25, 2019, the Court entered an Order (Dkt# 44) addressing both motions to dismiss filed by the University in which the Court limited relief against the University Defendants to prospective relief with respect to the civil rights claims, and dismissed Minik and Valdez as Plaintiffs in the civil rights claims.  No express mention

was made in the Order of Valdez's state law claim against Khan. The Order also included authority for Minik and Valdez to file an Amended Complaint should they choose to do so to establish their standing to seek prospective relief though no such Amended Complaint was filed. A minute entry Order was entered by the Court on March 27, 2019 dismissing Minik and Valdez as Plaintiffs without referring to the state claim of Valdez against Khan. The full text of the order is as follows:

> **In the court's February 25, 2019 Order [44], the court dismissed all of the claims of Plaintiffs Minik and Valdez. The court granted Plaintiffs 21 days to file an amended complaint, stating: "If Plaintiffs Minik and Valdez do not file an amended complaint, they will be dismissed as plaintiffs." Over 21 days have since passed, and Plaintiffs have not filed an amended complaint. Therefore, Minik and Valdez are DISMISSED as Plaintiffs. They remain in the case as Counter-Defendants.**

Valdez's counsel at all times believed that the Court's Orders were in response to the University Defendants' Motions and that they did not affect the Valdez state law claim against Khan. Those claims were not addressed in any motion to dismiss or addressed in the Court's orders. Nor do any of the grounds for dismissal asserted by the University Defendants address the Valdez state law claim. However, at a status conference before Magistrate Long on December 18, 2019, Khan's counsel asserted that the Court's Orders had also dismissed Valdez's state law claims. Under the circumstances, it is appropriate for Valdez to seek clarification of the Court's Order.

Clearly no basis for the Court to dismiss the Valdez state law claims against Khan was asserted by any of the parties, and no reason to do so exists.[1]

To the extent that the Court properly intended its Orders to dismiss Minik and Valdez as Plaintiffs in the federal civil rights claims only, the Court should enter an Order clarifying that the Valdez state law claim against Khan remains pending. On the other hand, if due to an oversight the Court intended to dismiss Minik and Valdez completely as Plaintiffs herein, because there was no basis for doing so and because the dismissal of the Valdez claim was clearly erroneous, the Court should reconsider such dismissal and reinstate the Valdez claims.

For the reasons stated herein, the Court should clarify its Orders of February 25 and March 27, 2019 by stating that it applies only to Valdez's federal civil rights claims and not to the Valdez state law claim or, in the alternative, reconsider such Order and reinstate the Valdez claim.

Date: January 10, 2020             Respectfully Submitted,

                                   **JOEL VALDEZ**

                                   By: /s/ Whitman H. Brisky
                                        One of his Attorneys

Whitman H. Brisky (#0297151)
**MAUCK & BAKER, LLC**
1 North LaSalle Street, Suite 600
Chicago, IL  60602

---

[1] Except for want of subject matter jurisdiction, which is the subject of another Motion filed by Minik, Nelson and Valdez. To the extent that the Court lacks subject matter jurisdiction, both the Valdez claim and Khan's counterclaims should be dismissed.

P:	(312) 726-1243
F:	(866) 619-8661
wbrisky@mauckbaker.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on January 10, 2020, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, RECONSIDERATION BY JOEL VALDEZ** with the Clerk of the Court using the CM/ECF system, which was also served upon all counsel of record:

Charles R. Schmadeke                Email: cschmadeke@hinshawlaw.com

Ellyn J. Bullock                    Email: Ellyn@solbergbullock.com

/s/ Whitman H. Brisky
Whitman H. Brisky (#0297151)
Mauck & Baker, LLC
1 North LaSalle Street, Suite 600
Chicago, IL  60602
Phone:       (312) 726-1243 (Main)
Fax:    (866) 619-8661
wbrisky@mauckbaker.com