# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| ANDREW MINIK et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 18-cv-2101 |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS et al., | ) |
| Defendants. | ) |
| and | ) |
| TARIQ KAHN, | ) |
| Counterclaimant, | ) |
| v. | ) |
| ANDREW MINIK et al., | ) |
| Counter-Defendants. | ) |

## ORDER

Pending before the court are Joel Valdez' Motion for Clarification and or Reconsideration (#63), and Counter-Defendants' Motion for Summary Judgment (#64), and Counter-Defendants' Motion to Dismiss for Want of Subject Matter Jurisdiction (#66).  For the reasons that follow, Valdez' Motion (#63) is GRANTED.  The Motion to Dismiss for Want of Subject Matter Jurisdiction (#66) is GRANTED, and the Motion for Summary Judgment (#64) is DENIED as MOOT.

Motion for Clarification and/or Reconsideration (#63)

In his Motion for Clarification and/or Reconsideration, Valdez asks the court to make clear that his state law claim against Khan remains pending, or to reconsider the dismissal of that claim and reinstate it.

In a February 25, 2019 Order (#44), the court ruled on the University Defendants' Motion to Dismiss (#9). Defendant Khan was the only Defendant not included in that Motion. The Complaint (#1) raised as its "FOURTH CLAIM" a claim against Defendant Khan for "Assault and Damage to Valdez's Property." Khan did not file a motion to dismiss this claim.

In Plaintiffs Response (# 15) to the University Defendants' Motion to Dismiss (#9), Plaintiffs stated: "To the extent that Plaintiffs seek damages for violation of constitutional rights, Plaintiffs request, in the interest of judicial economy, to amend their Complaint on its face to include suit against all other Defendants in their individual capacities as well."

In the court's Order (#44) ruling on the University Defendants' Motion (#9), the court stated:

> Plaintiffs ask leave to file an amended complaint. This request is granted. Plaintiffs have 21 days from the entry of this order to file an amended complaint.
> The court notes that all of the claims of Plaintiffs Minik and Valdez have been dismissed. Should Plaintiffs Minik and Valdez not file an amended complaint within 21 days from the entry of this order, they will be dismissed as plaintiffs. . . .
> Plaintiffs have 21 days from the entry of this order to file an amended complaint. If the University Defendants wish to fully brief any individual capacity issue presented by any amended complaint, the court will entertain a motion to dismiss if requested to do so after Plaintiffs file an amended complaint. If Plaintiffs Minik and Valdez do not file an amended complaint, they will be dismissed as plaintiffs.

Because Plaintiffs had previously asked to amend their Complaint, the court presumed that they would file an Amended Complaint and that such filing would include all of their claims against all Defendants. They did not file an amended complaint, and the court entered a 3/27/2019 Text Order stating:

> In the court's February 25, 2019 Order [44], the court dismissed all of the claims of Plaintiffs Minik and Valdez. The court granted Plaintiffs 21 days to file an amended complaint, stating: "If Plaintiffs Minik and Valdez do not file an amended complaint, they will be dismissed as plaintiffs." Over 21 days have since passed, and Plaintiffs have not filed an amended complaint. Therefore, Minik and Valdez are DISMISSED as Plaintiffs. They remain in the case as Counter-Defendants.

Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). It further states: "The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."

The court finds that it should not have dismissed Valdez' claim against Khan. The claim is reinstated under Rule 60(a), which permits the court to correct its oversight in dismissing the claim against Khan when ruling only on the University Defendants' Motion to Dismiss the claims against the University Defendants. The motion the court was ruling on concerned only the claims against the University Defendants. Khan never sought dismissal of the state law claim by Valdez against him. The court expected that Plaintiffs would file an amended complaint including all of their claims against all Defendants as they had previously requested leave to amend their

Complaint, but that did not happen. Without an amended complaint including the claim, Valdez' state law claim against Minik was inadvertently dismissed alongside his claims against the University Defendants. This oversight may be corrected under Rule 60(a).

Valdez' Motion for Clarification and/or Reconsideration (#63) is GRANTED. The court reconsiders its February 25, 2019 and March 27, 2019 Orders, and Valdez' state law claim against Khan is reinstated.

Counter-Defendants' Motion to Dismiss for Want of Subject Matter Jurisdiction (#66)

The claims remaining in this case are Khan's counterclaims, and the claim of Valdez against Khan which this court reinstated above. None of those claims is a federal claim; only state law claims remain pending in this case.

Valdez asked the court to reinstate his state law claim against Khan, and the court has reinstated that claim. In a separate Motion (#66), Valdez also asked the court to dismiss the entire case, including Valdez' own state law claim. Joined by all Counter-Defendants, Plaintiff/Counter-Defendant Valdez asks the court to dismiss the case because no federal claims remain in this case. Defendant/Counter-claimant Khan requests that the court continue to exercise its supplemental jurisdiction to consider the state law claims that remain pending.

The Seventh Circuit consistently has stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additives* Co., 6 F.3d 1176, 1182 (7th Cir. 1993). In its

discretion, the court declines to depart from that "usual practice" in this case. The court dismisses without prejudice the state law claims, including the reinstated state law claim Valdez brought against Khan. See *Phillips v. Allen*, 743 F. Supp. 2d 931, 952-53 (N.D. Ill. 2010).

Because all claims are dismissed, any other pending motions, including Counter-Defendants' Motion for Summary Judgment (#64), are DENIED as MOOT.

IT IS THEREFORE ORDERED:

(1) Valdez' Motion for Clarification and/or Reconsideration (#63) is GRANTED. The court reconsiders its February 25, 2019 and March 27, 2019 Orders, and Valdez' state law claim against Khan is reinstated.

(2) The court relinquishes supplemental jurisdiction on all remaining counts, including the reinstated state law claim Valdez brought against Khan. The claims are dismissed without prejudice. All other pending motions, including Counter-Defendants' Motion for Summary Judgment (#64), are DENIED as MOOT.

(3) This case is terminated.

ENTERED this <u>28th</u> day of January, 2020.

COLIN S. BRUCE
U.S. DISTRICT JUDGE